UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CARLTON COUNTY, | Case No. 09-CR-0249 |
| Plaintiff, | |
| v. | ORDER REMANDING CASE |
| JULIAN CAPRICE, | |
| Defendant. | |

Julian Caprice, pro se.

Defendant Julian Caprice, a patient at the Minnesota Sex Offender Program in Moose Lake, Minnesota ("the Program"), has been charged in state court with indecent exposure in violation of Minn. Stat. § 617.23, subd. 2(2) for allegedly exposing himself to Program staff. Caprice has filed a notice of removal of this state criminal prosecution to federal court.

Under 28 U.S.C. § 1446(c)(4), the Court must promptly examine any notice of removal of a state criminal prosecution and summarily remand the case "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted . . . ." Having examined Caprice's notice of removal and attached exhibits, the Court determines that summary remand is required.

Section 1443(1) of Title 28 permits removal of a state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law

providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ."[1] Removal jurisdiction under § 1443(1) is very narrow:

> [A] removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).
>
> Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is "denied or cannot enforce" the specified federal rights "in the courts of (the) State." This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case. Except in the unusual case where an equivalent basis could be shown for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court, it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal.

*Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975) (multiple citations and quotations omitted).

Caprice claims that his rights under the First, Fourth, Fifth, Eighth, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution are being violated by the criminal prosecution. Although the precise nature of the alleged violations is not clear, Caprice appears to

---

[1] Caprice does not actually cite 28 U.S.C. § 1443(1) as the source of his right to remove this action, but it is the only possible basis for removal. Nothing in Caprice's notice of removal demonstrates that removal would be proper under 28 U.S.C. §§ 1442 or 1443(2) (permitting removal of certain criminal prosecutions of federal officers or agencies) or 1442a (permitting removal of certain criminal prosecutions of members of the armed forces).

be claiming that Carlton County is singling out minorities for prosecution and is using state criminal proceedings to cover up crimes and malfeasance by various state employees. As the Supreme Court has made clear, however, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 421 U.S. at 219. The First, Fourth, Fifth, Eighth, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution are "constitutional . . . provisions of general applicability," not constitutional provisions creating "specific civil rights stated in terms of racial equality." *Id*; *see also Georgia v. Rachel*, 384 U.S. 780, 792 (1966) ("[T]he defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands."). Hence Caprice's claims that he is being denied his rights under these amendments do not provide a basis for removal under § 1443(1).

Caprice also claims that the criminal prosecution is infringing his "rights" under 18 U.S.C. §§ 241, 242, and 245, which criminalize various civil-rights violations. But the Supreme Court has specifically rejected § 245 as a source of rights whose denial justifies removal under § 1443(1). *Johnson*, 421 U.S. at 223-27. Likewise, it is difficult to conceive of the criminal provisions of §§ 241 or 242 as granting any "rights" to Caprice that are being denied. Even if these statutes do confer such "rights," it is plain that Caprice has not met the second prong necessary for removal under § 1443(1).

To meet the second prong, Caprice must show either "that there is a state law preventing him from raising his federal claims in state court" or that there is a "basis for an 'equally firm prediction' that he will be unable to protect his federal rights in state court." *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997) (quoting *Johnson*, 421 U.S. at 219). Caprice has not identified any state law that would prevent him from raising his federal claims in state court, nor has he shown any basis for an "equally firm prediction" that he will be unable to protect his federal rights in state court.

The "equally firm prediction" language derives from *Georgia v. Rachel*, 384 U.S. 780 (1966), in which the defendants were facing trespass charges after they were allegedly asked to leave a restaurant solely on account of their race. Because the Supreme Court had previously construed the Civil Rights Act of 1964 to prohibit state *prosecutions* (and not merely state *convictions*) arising out of peaceful attempts to obtain service at places of public accommodation,[2] the Supreme Court held that, under the "narrow circumstances" presented in *Rachel*, the defendants had properly alleged a basis for removal under § 1443(1). *Id.* at 804-05. As the Supreme Court explained, any proceedings in state court would necessarily deny defendants their right — explicitly protected by the Civil Rights Act — to be free from any *attempt* to punish them for protected activity. *Id.* at 804-05. Removal was therefore proper "even in the absence of a discriminatory state enactment" because, under these circumstances,

---

[2]As the Court explained in *Rachel*, "if the facts alleged in the petition are true, the defendants not only are immune from conviction under the Georgia trespass statute, but they have a 'right under' the Civil Rights Act of 1964 not even to be brought to trial on these charges in the Georgia courts." 384 U.S. at 794. The Court later repeated the point: "The Civil Rights Act of 1964, however, as *Hamm v. City of Rock Hill*, 379 U.S. 306, made clear, protects [the defendants] not only from conviction in state courts, but from prosecution in those courts." *Id.* at 804.

there was an "equivalent basis . . . for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court." *Id.* at 804.

In *City of Greenwood v. Peacock*, 384 U.S. 808 (1966), an opinion released on the same day as *Rachel*, the Court made clear that the holding of *Rachel* is very narrow. The defendants in *Peacock* were voting-rights workers who alleged that they were being prosecuted for various minor traffic and public-nuisance infractions because of their race or because they had attempted to exercise federal rights. *Id.* at 812-13. The defendants attempted to remove their state criminal cases to federal court under § 1443(1). *Id.* at 810-11. The Supreme Court rebuffed the defendants and remanded their cases to state court. The Court distinguished *Rachel* by pointing out that, whereas the defendants in *Rachel* had a unique federal right not to be *prosecuted* for their conduct, the *Peacock* defendants merely had a right not to be unlawfully *convicted* — the same right enjoyed by every defendant in every state criminal proceeding. *Id.* at 826-27. Because the *Peacock* defendants could not show that their federal right not to be unlawfully convicted would inevitably be violated in the state-court proceedings, the Court held that remand was required: "Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Id.* at 828.

Clearly, then, this action must be remanded. Caprice claims, as did the defendants in *Peacock*, that a state has instituted meritless criminal proceedings against him for discriminatory reasons. But, like the *Peacock* defendants, Caprice can point to no federal law that gives him immunity from even being *prosecuted* under these circumstances. Thus, as *Peacock* makes clear,

Caprice's allegations do not justify removal under § 1443(1), and this case must be summarily remanded to state court. Because the notice of removal is facially invalid, no evidentiary hearing is required. *See McCullough v. Ligon*, 271 Fed. Appx. 547, 548 (8th Cir. 2008).

ORDER

Based on the foregoing, and on all of the files and records herein, IT IS HEREBY ORDERED that this case is REMANDED to the Minnesota District Court, Sixth Judicial District.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 15, 2009            s/Patrick J. Schiltz
                                     Patrick J. Schiltz
                                     United States District Judge